937 F.2d 467
 Luis MATA, Petitioner-Appellant,
v.
James G. RICKETTS, Attorney General of the State of Arizona;
Samuel Lewis, Director ADOC; Lloyd Bramlett,
Warden, ASPC-F; John Avenenti, Deputy
Warden, ASU, Respondents-Appellees.
 No. 87-1731.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submission Deferred June 16, 1988.
Resubmitted Without Further Argument Feb. 1, 1991[1].
Decided July 1, 1991.
 
 Baron L. Miller, Miller & Miller, San Francisco, Cal., for petitioner-appellant.
 Jack Roberts, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before CHOY, GOODWIN and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luis Morine Mata appeals the denial of his petition for a writ of habeas corpus following his conviction and exhaustion of state remedies in this capital murder case from Arizona. See State v. Mata, 125 Ariz. 233, 609 P.2d 48, cert. denied, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980).
 
 
 2
 The principal question before us is whether a new Supreme Court decision announced after the exhaustion of state remedies and after the conclusion of proceedings before the district court creates a right to federal constitutional relief.
 
 
 3
 During the trial, Mata's brother, Alonzo, was Luis' codefendant. Both exercised their constitutional right not to testify. Alonzo and Luis had both confessed to raping and murdering the decedent and dumping her body in the desert outside Tucson. Alonzo's version of the confession placed the fatal knife in the hands of Luis, who then admitted in his confession that he had indeed cut the throat of the victim. Because Alonzo did not choose to testify, the state offered both Luis' and Alonzo's confessions into evidence against both defendants. Luis likewise declined to testify and both were convicted and sentenced to death.
 
 
 4
 Following a remand for resentencing under State v. Walton, 120 Ariz. 441, 586 P.2d 1253 (1978), Alonzo received a life sentence and Luis was again sentenced to death. Alonzo is not before us in this appeal. While Luis apparently never raised in earlier proceedings the question of the admissibility against him of his brother's confession, Luis now contends that under the rule of Cruz v. New York, 481 U.S. 186, 193-94, 107 S.Ct. 1714, 1719-20, 95 L.Ed.2d 162 (1987), he is entitled to a new trial.
 
 
 5
 The state, conceding that Cruz now bars the use of a nontestifying codefendant's confession incriminating the defendant in future trials, argues that good reasons counsel against employing Cruz to reopen old cases, particularly those in which the codefendant's incriminating confession added little or nothing to the state's overwhelming evidence of the guilt of the defendant.
 
 
 6
 The state argues that Alonzo's confession told the jury nothing it did not already know; that the evidence was harmless beyond a reasonable doubt; that the evidence was lawfully received when the case was tried (citing Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); and that new constitutional rules of criminal procedure generally should not be applied retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
 
 
 7
 In this case we need not discuss the application of Teague because any error in using the codefendant's confession was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) (holding that the admission of statements of two nontestifying codefendants against Harrington was harmless error). In United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), the Supreme Court described the harmless error test in the following fashion:
 
 
 8
 Since Chapman, [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ] the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.
 
 
 9
 ....
 
 
 10
 The question a reviewing court must ask is this: absent [the allegedly improper evidence] is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?
 
 
 11
 Id. 461 U.S. at 509-11, 103 S.Ct. at 1980-82. There is no doubt that petitioner would have been convicted by his own confession plus the abundant corroboration of George Castro, Antonio Sanez, and Arnold Chance.
 
 
 12
 The confession of Alonzo merely seconded the confession of Luis and was cumulative evidence with reference to the material facts of the murder. The use of Alonzo's confession in the joint trial did not then offend the Sixth Amendment and did not infect the fact finding process.
 
 
 13
 At most, a speculative argument might be advanced to the effect that the trial judge at the time of the resentencing of Luis could have been slightly less inclined to sentence him to death if the only evidence placing the knife in Luis' hand had been his own confession. However, his confession was clear and unequivocal.
 
 
 14
 Luis' challenge to the voluntariness of his confession presents no grounds to overturn the district court's careful review of the state court record and the findings at every level that his confession was voluntary.
 
 
 15
 Luis has presented a number of other constitutional arguments, but none warrants reversal of the judgment of the district court. His argument that the Arizona death penalty law is unconstitutional has been definitively answered adversely by the Supreme Court in Walton v. Arizona, --- U.S. ----, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990).
 
 
 16
 Likewise, Luis' complaints that his defense counsel did not adequately defend him presents no factual basis for overturning the decision of the district court. His complaints about various evidentiary rulings do not raise federal constitutional questions.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Submission of this appeal has been deferred pending the decision on the constitutionality of the Arizona death penalty, by another panel of this court. See Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988) (en banc), cert. denied, Lewis v. Adamson, --- U.S. ----, 110 S.Ct. 3287, 111 L.Ed.2d 795 (1990). This case was resubmitted February 1, 1991, when it was determined that the remaining questions still pending in Adamson do not appear to be controlling in this case